OPINION
On October 21, 1995, appellant, Crystal Yackey, and appellee, Douglas Yackey, were married. One child was born as issue of such marriage, Joshua Yackey born November 13, 1995. On March 18, 1996, the parties filed a petition for dissolution of marriage. The petition was granted and the marriage was dissolved on April 23, 1996. The parties agreed to a shared parenting plan for Joshua. On December 23, 1998, the Tuscarawas County Child Support Enforcement Agency (hereinafter "CSEA") filed a motion to establish child support and reimburse public assistance. On January 14, 1999, appellee filed a motion to terminate the shared parenting decree and designate himself as the sole legal residential parent. Hearings before the magistrate were held on March 15, 1999 and May 20 and 27, 1999. By decision filed July 15, 1999, the magistrate recommended that the shared parenting plan should be modified but not terminated. The modification made appellee the residential parent every week instead of alternating weeks as previously ordered. Further, appellant was to receive visitation every other weekend and on alternate holidays only. On July 26, 1999, appellant filed objections to the magistrate's decision. A hearing was held on November 8, 1999 before Judge Elizabeth Thomakos. Prior to ruling on the objections, Judge Thomakos commenced maternity leave. Thereafter, Judge Judith Cross was assigned in Judge Thomakos's absence. By judgment entry filed February 28, 2000, Judge Cross overruled the objections and approved and adopted the magistrate's decision. Judge Cross specifically adopted only the finding of fact relating to the child's medical care. Further, CSEA's motion to establish child support was denied and appellant was ordered to reimburse ADC funds received by her. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ENTERING JUDGMENT WITHOUT REQUIRING THE APPEARANCE OR HEARING THE ARGUMENT OF THE PARTIES AND WITHOUT THE PREDECESSOR JUDGE HAVING ENTERED A VERDICT OR FINDINGS OF FACT/CONCLUSIONS OF LAW, IN VIOLATION OF OHIO CIVIL RULE 63.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING A SUFFICIENT CHANGE IN CIRCUMSTANCES, ABSENT A SHOWING OF A MATERIAL ADVERSE EFFECT UPON THE MINOR CHILD, BASED SOLELY ON MERE ROUTINE WELL CHILD VISITS OCCURRING OVER TWO YEARS PRIOR TO THE COURT'S JUDGMENT.
 III. THE TRIAL COURT ABUSED ITS DISCRETION IN MODIFYING THE SHARED PARENTING PLAN BASED ON THE BEST INTERESTS OF THE MINOR CHILD TO THE EXTREME DETRIMENT OF THE MOTHER/CHILD RELATIONSHIP THROUGH JOSHUA'S TENDER YEARS.
 I
Appellant claims Judge Cross erred in ruling on the objections when Judge Thomakos heard the oral arguments. We disagree. Civ.R. 53(E)(4)(b) states when ruling on objections, the trial court "may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter * * * or hear the matter." The record sub judice reflects that the transcripts of the evidentiary hearings before the magistrate were filed for the trial court's review and no other evidence was taken or presented. A hearing on the objections was held before Judge Thomakos on November 8, 1999. While the transcript of this hearing was prepared for our review, it was not filed until April 14, 2000, after the notice of appeal had been filed on March 23, 2000. However, we find the objections filed by appellant mirror the arguments made at the November 8, 1999 hearing. Therefore, Judge Cross was not deprived of any evidence or argument by not being present at said hearing. Assignment of Error I is denied.
 II, III
Appellant claims the trial court erred in determining there was a change in circumstances and the best interests of the child warranted a modification of the shared parenting decree. We disagree. R.C. 3109.94 governs the allocation of parental rights and responsibilities. Subsection (E)(1)(a) provides for modification if a change in circumstances has occurred: The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is the best interest of the child and one of the following applies:
* * *
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
Appellant argues the evidence presented concerning the child's medical care did not materially or adversely affect the child. Wyss v. Wyss (1982), 3 Ohio App.3d 412. In the magistrate's decision which was adopted by the trial court, the change in circumstances was delineated as "her failure to keep and/or cancelling medical appointments of the minor child, which are vitally important." See, Magistrate's Decision at Recommendation No. 1. It is this change in circumstance that led the trial court to modify the shared parenting decree. The parties' child has a birth defect called Microtia which is the lack of development of the ears. March 15, 1999 T. at 13. Just the child's right ear is affected. Id. at 14. Much of the evidence centered upon missed medical appointments for the child while in appellant's care. Id. at 14-15, 17, 41-42, 58-60, 64-66; May 20, 1999 T. at 14-15. Appellee expressed concern about the child's future. March 15, 1999 T. at 17-18, 66. The child will require extensive surgery and the evidence established appellant has moved at least six times in a three year period, has changed jobs frequently and at times had no telephone. Id. at 18, 19, 40; May 20, 1999 T. at 15, 16; May 27, 1999 T. at 119. Evidence also established there has been problems with visitation which appellant denied. March 15, 1999 T. at 44; May 20, 1999 T. at 12-14; May 27, 1999 T. at 113. There was also a dispute as to the child's bedtime ritual between the parties. May 27, 1999 T. at 121-122. Much evidence was presented regarding appellant's live-in boyfriend, James Rich. Disputed testimony was given concerning Mr. Rich's use of guns, drinking problem and lack of experience around children. March 15, 1999 T. at 71, 73-74; May 20, 1999 T. at 4, 54-55, 65-67, 70. However, we find this evidence did not weigh into the trial court's decision as the trial court clearly emphasized the decision was based upon the child's medical care and treatment which reflects directly on best interests. All parties agree the child is loving, well disciplined and bright with both sets of grandparents taking an active interest in caring for him and his well being. March 15, 1999 T. at 23, 84; May 20, 1999 T. at 99; May 27, 1999 T. at 120. The child flourishes with both parents. Although the trial court terms the decision a "modification" of the shared parenting decree, the visitation times allotted to appellant appear to be visitation only, not shared parenting. Despite this error in terminology, we cannot find the trial court's decision was an abuse of discretion. Upon review, we find the trial court's decision is supported by credible evidence. Assignments of Error II and III are denied.
The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.
 _____________________ Farmer, J.
By Gwin, P.J. and Hoffman, J. concur.